THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHARMYNE REID<br>5701 Heritage Mills Circle<br>Fredericksburg, VA 22407<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY<br>600 Fifth Street, NW<br>Washington, DC 20001<br><br>　　　　　Defendant. | Civil Action No. 18-2386 |

## COMPLAINT

Plaintiff Charmyne Reid ("Mrs. Reid" or "Plaintiff"), by and through her attorneys, files this action and alleges as follows:

## NATURE OF ACTION

1. This is a challenge to Defendant's unlawful discrimination, failure to accommodate Plaintiff's disability, and retaliation in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 701, *et seq*. ("Rehab Act").

## JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. The United States District Court for the District of Columbia has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

4. The Court has subject-matter jurisdiction pursuant to 29 U.S.C. § 794a(a), as this matter involves a civil action by an aggrieved person under the Rehab Act.

5. The Court has subject-matter jurisdiction pursuant to Washington Metropolitan Area Transit Regulation Compact. D.C. Code § 9-1107.1.

6. The Court may properly maintain personal jurisdiction over Defendant because the Defendant conducts business in the District of Columbia.

7. Venue is properly laid in the District of Columbia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred the District of Columbia.

## PARTIES

8. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9. Washington Metropolitan Area Transit Authority ("WMATA" or "Defendant") is a public transportation agency created by compact between the governments of Maryland, the District of Columbia, and the Commonwealth of Virginia.

10. On information and belief, Defendant receives funding from the federal government.

11. WMATA is an employer under the Rehab Act.

12. WMATA's principal place of business is in Washington, DC.

13. Plaintiff is a Contract Administrator for Defendant.

14. Plaintiff currently resides in Fredericksburg, VA.

## FACTUAL ALLEGATIONS

15. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

## Mrs. Reid's July 15, 2016 Accommodation

16. Mrs. Reid has an anxiety disorder, depression, post-traumatic stress disorder, and obsessive-compulsive disorder.

17. Mrs. Reid's anxiety disorder, depression, post-traumatic stress disorder, and obsessive-compulsive disorder are mental impairments that substantially impair Mrs. Reid's thinking, sleeping, and interacting with others.

18. Mrs. Reid's anxiety disorder, depression, post-traumatic stress disorder, and obsessive-compulsive disorder are disabilities under the Rehab Act.

19. On April 22, 2016, Mrs. Reid emailed her managers and Defendant's human resources office that she suffers from anxiety attacks.

20. On or around May 20, 2016, Mrs. Reid submitted a doctor's note requesting that Mrs. Reid not be required to engage in offsite travel because of her disability.

21. On or around May 26, 2016, Mrs. Reid submitted a doctor's note requesting that Mrs. Reid be permitted to telecommute four times a week because of her disability.

22. On or June 6, 2016, Mrs. Reid submitted a doctor's note requesting that Mrs. Reid be permitted to telecommute full time because of her disability until further notice.

23. On July 15, 2016, Defendant's ADA accommodation panel approved of Mrs. Reid's request for full time telecommuting, stating "You be allowed to telework <u>as needed</u> unless the needs of the department change and management can show that it will be an undue hardship to allow you to continue to telework." (emphasis added).

24. On or around March 7, 2017, Mrs. Reid submitted a doctor's note advising Defendant that Mrs. Reid would be able to work in the office one day a week for a trial period.

25. On or around January 30, 2018, Mrs. Reid submitted a doctor's note advising Defendant that Mrs. Reid would be working in the office two days a week on a trial basis.

26. On or around May 11, 2018, Mrs. Reid submitted a doctor's note advising Defendant that Mrs. Reid would be returning to teleworking four days a week because of her disability.

### After Mrs. Reid Submitted Additional Medical Information, Defendant Revoked Mrs. Reid's Telework Access

27. In or around June 2018, Defendant requested that Mrs. Reid complete an "interactive process questionnaire" about her disability.

28. Mrs. Reid submitted the completed the requested questionnaire on or around June 21, 2018.

29. In or around June 2018, Defendant's ADA Compliance Program Manager Yasmine Mitchell attempted to contact Mrs. Reid's mental health provider without Mrs. Reid permission.

30. Ms. Mitchell threated to Mrs. Reid's mental health provider that Mrs. Reid's benefits would be terminated if the provider did not respond to her questions.

31. On June 23, 2018, Defendant advised Mrs. Reid that it wanted more information about her disability and her ability to perform her essential job functions.

32. On June 24, 2018, Mrs. Reid was admitted to an out-patient treatment facility for her disabilities.

33. On or around July 3, 2018, Defendant revoked Mrs. Reid's telework access to Defendant's email system.

34. On or around July 9, 2018, Mrs. Reid submitted a request for medical leave retroactive to June 24, 2018 and submitted supporting documentation.

35. Mrs. Reid submitted medical documentation advising that she would be able to return to work August 27, 2018.

36. Mrs. Reid's request for medical leave was granted.

37. On or around July 17, 2018, Mrs. Reid discovered that Defendant had revoked Mrs. Reid's access to the remainder of Defendant's online systems, including access to her payroll records.

38. On July 20, 2018, Mrs. Reid submitted another "interactive process questionnaire" in response to Defendant's request for more information about her disability.

39. On July 23, 2018, Mrs. Reid's counsel contacted Defendant regarding Mrs. Reid's continued ADA accommodation.

### Defendant Constructively Discharged Mrs. Reid, Claiming That Her July 16, 2016 Accommodation Was Not Effective

40. On August 27, 2018, Defendant informed Mrs. Reid, through counsel, that she was not authorized to work from home.

41. On August 27, 2018, Defendant informed Mrs. Reid, through counsel, that it will continue to place her on leave until "we have an effective accommodation in place for her safe return to work."

42. Defendant's placement of Mrs. Reid on leave indefinitely was a constructive discharge.

43. Plaintiff's July 16, 2016 accommodation was effective.

44. Defendant has not articulated why it considers Mrs. Reid's July 16, 2016 accommodation to not be effective.

45. Defendant has not articulated any undue hardship for Mrs. Reid's July 16, 2016 accommodation.

46. Defendant has not referred Mrs. Reid's July 16, 2016 accommodation to its ADA accommodation panel for re-evaluation.

47. On or around September 26, 2018, Defendant reversed a direct deposit payment that was previously remitted to her bank account, thereby further demonstrating its intent to terminate Mrs. Reid.

48. As of the date of filing, Defendant has not returned Mrs. Reid to work.

## COUNT I: FAILURE TO ACCOMMODATE

49. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

50. Mrs. Reid has a disability.

51. Defendant is award of Mrs. Reid's disability.

52. On July 16, 2016, Defendant granted Plaintiff's request to telework as needed as an accommodation for her disability.

53. On August 27, 2018, Defendant informed Mrs. Reid, through counsel, that she was not authorized to work from home.

54. On August 27, 2018, Defendant informed Mrs. Reid, through counsel, that it will continue to place her on leave until "we have an effective accommodation in place for her safe return to work."

55. Defendant's continual placement of Mrs. Reid on leave is not an effective accommodation.

56. Defendant has failed to accommodate Mrs. Reid by forcing her on leave.

## COUNT II: DISABILITY DISCRIMINATION

57. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

58. Mrs. Reid has a disability.

59. Defendant is aware of Mrs. Reid's disability.

60. On or around July 9, 2018, Mrs. Reid submitted medical documentation advising Defendant that she would be able to return from medical leave on August 27, 2018.

61. As of the date of filing, Defendant has not returned Mrs. Reid to work.

62. Defendant has not returned Mrs. Reid to work because of her disability.

63. Defendant's failure to return Mrs. Reid to work is a constructive discharge.

## COUNT III: RETALIATION

64. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

65. On July 15, 2016, Mrs. Reid was granted an accommodation by Defendant.

66. From June through August 2018, Mrs. Reid was repeatedly engaging in the interactive process with Defendant concerning her previously granted accommodation, thereby engaging in protected activity.

67. After engaging in the interactive process with Defendant, Defendant has failed to return Mrs. Reid to work.

68. Defendant has failed to return Mrs. Reid to work because of her protected activity.

69. Defendant's failure to return Mrs. Reid to work is a constructive discharge.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

A. Entry of judgment in favor of Mrs. Reid and against Defendant;

B. Back pay;

C. Compensatory damages;

D. Attorneys' fees and costs;

E. Punitive damages, and

F.  Other such relief as may be appropriate to effectuate the purposes of the Rehab Act.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: October 16, 2018

                                                  Respectfully submitted,

                                                  /s/ Jeremy Greenberg
                                                  Jeremy Greenberg (1024226)
                                                  Denise M. Clark (420480)
                                                  Clark Law Group, PLLC
                                                  1100 Connecticut Ave, N.W.,
                                                  Suite 920
                                                  Washington, D.C. 20036
                                                  (202) 293-0015
                                                  jgreenberg@benefitcounsel.com
                                                  dmclark@benefitcounsel.com
                                                  *Counsel for Plaintiff*